UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.186.90.217,<br><br>    Defendant. | Civil Action No. 3:18-cv-01561-VLB |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH OR VACATE SUBPOENA**

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff") respectfully submits this opposition to the Motion to Quash or Vacate Subpoena issued upon Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC, that was filed by Defendant Jane Doe ("Defendant").

**I.   INTRODUCTION**

Defendant's representative's motion to quash raises a simple issue here: whether the Court should quash a subpoena when a third party claims they do not know who had access to the offending IP address or who committed the infringements.  Although Defendant is deceased, it seems clear from the representative's response that he or she (rightfully) understands that this suit is not against Defendant, but against an infringer who had access to Defendant's IP address.  To that end, a denial of liability, or more appropriately here, admission of ignorance of liability, is not grounds to quash a subpoena.  Plaintiff will use the information returned by the ISP, the account holder's name and address, to investigate who infringed Plaintiff's copyrights.

1

## II.     FACTS

Plaintiff owns the intellectual property to *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen,* award-winning adult entertainment studios. [Declaration of Greg Lansky (CM/ECF 9-2, ¶ 3, 19)]. Strike 3's philosophy is to hold itself above the rest: higher budgets, higher compensation for its actors and actresses, and higher end productions. *Id.* at ¶ 7–8, 11–13, 15. Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience. *Id.* at ¶ 15. Plaintiff's business has "raised the bar" for the rest of the industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist." *Id.* at ¶ 21.

As a result of its higher production and talent costs, Strike 3 is sensitive to the loss of revenue that mass copyright infringement threatens. *Id.* at ¶ 24. Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 26 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become an option of last resort. *Id.* at ¶ 27. Plaintiff understands the delicate nature of these suits, and has put in place protocols, including inviting this Court to implement a protective order, which Plaintiff has respected and will carry out faithfully. [*See* CM/ECF 9-1, at 15] and [CM/ECF 11, at ¶ 1].

Defendant is accused of downloading, distributing, and hence infringing multiple of Strike 3's works across the BitTorrent network. [*See generally* CM/ECF 1 and accompanying Exhibit "A" listing the works-in-suit]. Plaintiff moved to serve an early subpoena on Defendant's ISP for the limited purpose of identifying and serving Defendant (maintaining his anonymity) in accordance with the Federal Rules of Civil Procedure. [CM/ECF 9]. The Court granted Strike 3's motion, on October 9, 2018. [CM/ECF 11], Plaintiff served its subpoena on

2

Defendant's ISP on October 12.  However, the subscriber to the above-captioned IP address passed away before the Complaint was filed, [CM/ECF 13] but after some of the infringements occurred.  [*See* CM/ECF 1-1].  Defendant's representative moved to quash said subpoena, [CM/ECF 13], which makes up the present action before the Court.

### III.  LEGAL STANDARD

"[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted).  The Federal Rules of Civil Procedure are clear: courts will only quash or modify a subpoena under six circumstances.  *See* Fed. R. Civ. P. 45(d)(3)(A)–(B).  Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions.  *Id.*  "No other grounds are listed."  *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases).

### IV.  ARGUMENT

#### A.  A Denial of Liability Does Not Form a Basis to Quash A Subpoena

Plaintiff's subpoena "is necessary for this litigation to proceed.*" Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, at *5 (W.D.N.Y. 2018).  "[A]lthough the disclosure of subscriber information may not reveal the actual infringers in these cases, it may nevertheless allow Plaintiff to identify the actual infringers." *Malibu Media, LLC v. Doe*, No. CV H-17-0485, 2017 WL 3394611, at *1 (S.D. Tex. Aug. 8, 2017) (collecting cases).  Accordingly, "Plaintiff's

subpoena is entirely proper." *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018).

Defendant's representative, however, notes that "it is unknown who all had access to The Defendant's IP address." But this only puts them in the same position as Plaintiff, which needs the information from the subpoena to investigate who had access to the offending IP address and their respective liabilities. And, although Defendant's representative has sent to Chambers additional information possibly containing the name and address of the subscriber, that information was filed under seal and Plaintiff has no access to it. Hence the discovery request is not yet moot. Regardless, "[i]f these assertions prove true, they may be persuasive defenses to Plaintiff's allegations; however, Defendant's [representative's] general denial of liability is not a proper basis for quashing a subpoena." *Strike 3 Holdings*, 337 F. Supp. 3d at *5 (collecting cases); *Strike 3 Holdings*, No. CV 17-9659 (VEC), 2018 WL 2371730 at *2 (collecting cases)); *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 250 (N.D. Ill. 2011) ("Because general denials of liability are not a basis on which subpoenas may be quashed under Rule 45, subpoenas served on Doe Defendants' ISPs will not be quashed."). Simply put, "[a] motion to quash is not the forum for addressing general denials of liability." *Voltage Pictures v. Does 1-64*, No. CV 3:13-58, 2013 WL 2897977, at *2 (E.D. Tenn. June 13, 2013).

To be clear, allowing early discovery to proceed does not mean that Plaintiff is "suing" Defendant, Defendant's representative, or anyone else associated with the account.

> [I]t is reasonable to use an IP address as a starting point to obtain identifying information about a Doe Defendant who, through digital forensic means, has been tied to the torrent swarm in issue. The identifying information allows Plaintiff to make a good faith investigation into whether a particular individual has a reliable factual connection to the IP address associated with the swarm. If Plaintiff learns that the IP address is not a reliable identifier for a person, who Plaintiff in good faith can show committed an alleged legal wrong, Plaintiff has an obligation under

4

Federal Rule of Civil Procedure 11 to cease pursuit of the claim against that individual.

*W. Coast Prods., Inc. v. Does 1-351*, No. CV 4:12-00504, 2012 WL 2577551, at *4 (S.D. Tex. July 3, 2012) (denying motion to quash).[1]  The subpoena simply provides Plaintiff with enough information to investigate its claims and amended or dismiss its Complaint as necessary and in accordance with the Federal Rules of Civil Procedure.  Indeed, Plaintiff's Rule 11 obligation requires that Plaintiff investigate its and Defendant's claim before amending its complaint. Moreover, the Court has issued a protective order here barring Plaintiff from naming or identifying Defendant in this action, so there will be no untoward associations between Defendant and Plaintiff's content.  As a result, the Motion to Quash must fail, and any potential undesirable consequences are effectively mitigated.

### V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Quash or Vacate Subpoena.

Dated: December 26, 2018                                  Respectfully submitted,

By:     /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

---

[1] Additionally, Plaintiff's investigation does not involve contacting anyone associated with the account and simply looks into identity of the infringer.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  However, since Defendant is unrepresented, and since I still do not know Defendant's identity, I was unable to serve Defendant with a copy of this Response.

                                       By:    /s/ *Jacqueline M. James*