# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STRIKE 3 HOLDING, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 3:18-cv-01561 (VLB) |
| v. | : | |
| | : | April 16, 2019 |
| JOHN DOE, subscriber assigned IP address 73.186.90.217, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION TO QUASH [DKT. NO. 13]

### I. Introduction

In this copyright infringement action, Defendant John Doe ("Defendant") filed a motion to quash a subpoena that Plaintiff Strike 3 Holdings, LLC ("Plaintiff") served on a third party, Comcast Cable Communications ("Comcast"). Plaintiff served this subpoena pursuant to Federal Rule of Civil Procedure 26, which permits parties to conduct discovery when a court authorizes it by order. Fed. R. Civ. P. 26(d)(1). For the following reasons, Defendant's motion to quash is DENIED.

### II. Background

Plaintiff is an adult film company that produces, distributes, and licenses adult films. [Dkt. No. 1, ¶ 1]. It distributes its films through adult entertainment websites and DVDs. [Dkt. No. 1, ¶ 3]. It brings this action against the unnamed Defendant and owner of the following IP address: 73.186.90.217. [Dkt. No. 1 (Compl.) ¶ 5]. Plaintiff alleges that Defendant utilized a peer-to-peer file distribution network, BitTorrent, to illegally download and distribute seventy-nine of Plaintiff's copyrighted adult films over quite some time. [Dkt. No. 1, ¶¶ 4, 23-24].

Plaintiff claims that Defendant can be identified through Defendant's Internet Protocol (IP) address, which Plaintiff represents is 73.186.90.217. [Dkt. No. 1, ¶¶ 5, 8]. Plaintiff represents that its investigators have traced Defendant's IP address to a physical location within the Court's jurisdiction. [Dkt. No. 1, ¶¶ 8-9]. Plaintiff also asserts that Comcast is the Defendant's Internet Service Provider (ISP) and that Comcast can identify Defendant through the IP address. [Dkt. No. 1, ¶ 8]. Accordingly, Plaintiff moved for leave to serve a third-party subpoena on Comcast seeking the name and address associated with the aforementioned IP address prior to the Rule 26(f) conference in this case. *See* [Dkt. No. 9 (Subpoena Mot.)]. The Court granted Plaintiff's motion on October 9, 2019. *See* [Dkt. No. 11 (Order Granting Subpoena Mot.)]. In doing so, the Court required that Comcast provide the individual associated with the IP address notice of the subpoena and an opportunity to move to quash the subpoena before responding to it. *Id.* at 2-3. Comcast did so, and Defendant now moves to quash the subpoena. *See* [Dkt. No. 13 (Mot. Quash)].

In the Motion to Quash, Defendant's representatives represent that Defendant passed away in August 2018 after a long illness. *Id.* at 1. Defendant's representatives assert that it will be impossible to discover who had access to Defendant's IP address and that Defendant's family members have "no knowledge of possible copyright infringements." [Dkt. No. 13, at 1-2].

## III. <u>Legal Standard</u>

A subpoena must comply with the requirements of Federal Rules of Civil Procedure 26 and 45. Rule 26(d) permits discovery generally only after a Rule 26(f)

discovery conference, "except … when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The United States Court of Appeals for the Second Circuit has held that district courts possess "wide discretion in [their] handling of pre-trial discovery." *In re. Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003) (quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998)) (internal quotation marks omitted).

As laid out in *Arista Records, LLC v. Doe 3*, in the Second Circuit, courts employ the following factors in evaluating motions to quash subpoenas to ISPs regarding subscribers who may be engaged in copyright infringement:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quotation marks and citation omitted).

Additionally, pursuant to Federal Rule of Civil Procedure 45(d)(3), the Court "must quash or modify a subpoena that … requires disclosure of privileged or other protected information, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). "Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Travelers Indem. Co. v. Metro. Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn.

2005) (quoting *United States v. Int'l Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

IV. <u>Discussion</u>

A. <u>The *Arista Records* Standard</u>

The first factor under the *Arista Records* standard is the concreteness of Plaintiff's showing of a prima facie claim of actionable harm. A plaintiff makes a concrete, prima facie case of copyright infringement when it demonstrates two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publi'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991).

Plaintiff has plausibly and sufficiently alleged the "ownership" element by alleging that it owns the registered copyright to its adult films. [Dkt. 1, ¶ 2). Plaintiff sufficiently alleges the "copying" element by alleging that its investigator established direct connections with Defendant's IP address and downloaded from Defendant one or more files containing Plaintiff's adult motion pictures. [Dkt. 1, ¶¶ 24-26]. To further support its allegations, Plaintiff attached to its complaint a list of files that it alleges that its investigator received through BitTorrent from Defendant's IP address. [Dkt. 1, Exhibit A].

A copyright owner has exclusive reproduction and distribution rights of its work. 17 U.S.C. §106. If a copyright owner registers its work within three months of initial publication, it is entitled to recover statutory damages and attorney's fees from copyright violations. 17 U.S.C. §§411(c)(2), 501. Plaintiff sufficiently pled that it owns the copyrights to the films upon which it alleges Defendant infringed. [Dkt.

1, ¶ 31]. Therefore, Defendant's alleged actions, if proven, constitute an actionable and redressable harm to Plaintiff.

The second factor also weighs against granting the motion to quash. "[T]he discovery request [must] be sufficiently specific 'to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [Defendant]." *Malibu Media, LLC v. Doe*, No. 1:15-cv-02624 (ER), 2015 WL 6116620 (S.D.N.Y. October 16, 2015) (quoting *Sony Music Entm't, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 566 (S.D.N.Y. July 26, 2004). The subpoena seeks only the IP owner's identity; it is specific and very limited. Plaintiff does not seek more than the name and address of Defendant. [Dkt. No 9-1, at 7-8].

Third, a plaintiff must establish "the absence of alternative means to obtain the subpoenaed information." *Arista Records*, 604 F.3d at 119 (quoting *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y, July 26, 2004)). The only identifying information that Plaintiff has for Defendant is Defendant's IP address. [Dkt. 9-1, at 8]. Plaintiff asserts that "[ISPs' records] are the only available evidence that allows us to investigate who committed crimes [or other civil violations] on the Internet." [Dkt. 9-1, at 8 (quoting Statement of Jason Weinstein, Deputy Assistant Attorney General, Criminal Division, Before Committee on Judiciary Subcommittee On Crime, Terrorism, and Homeland Security, U.S. House of Representatives, January 25, 2011, at p. 2)].[1]  Plaintiff also notes that "there is

---

[1] *See* https://www.justice.gov/sites/default/files/criminal-ceos/legacy/2012/03/19/Justice%20Data%20Retention%20Testimony.pdf.

no public registry of what IP addresses correspond to which subscribers." [Dkt. 9-1, at 8]. Moreover, Plaintiff contends that BitTorrent, the alleged platform that Defendant was using, does not require a user to provide it with his name, mailing address, or email address, and thus is not able to provide such information. It only requires a user's IP address, which becomes public in the normal course of internet use. [Dct. 9-1, at 9]. Plaintiff now seeks to use the IP address—only identifying information Plaintiff has access to—in order to identify Defendants. Consequently, Plaintiff has sufficiently established that it cannot obtain Defendant's name and address through an alternative means, and this factor, too, weighs in favor of denying the instant motion.

Fourth, Plaintiff must show that the information that it seeks to obtain through the subpoena is necessary to advance its claim. As at least two district courts within the Second Circuit have concluded, "[w]ithout learning Defendant's identity and address, Plaintiff will be unable to serve process and pursue its claim." *Malibu Media, LLC v. Doe*, No. 3:18-CV-766 (VLB), 2018 WL 2386068, at *3 (D. Conn. May 25, 2018) (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB) (SIL), 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016)) (citation omitted); *see also UN4 Prods., Inc. v. Doe-173.68.177.95*, No. 17-CV-3278 (PKC) (SMG), 2017 WL 2589328, at *3 (E.D.N.Y. June 14, 2017) (Plaintiff "clearly [needs] the identification of the [Defendant] in order to serve process on [Defendant] and prosecute its [claim]") (citation and internal quotation marks omitted). This Court agrees and holds that the information sought is necessary for Plaintiff to pursue its claim.

Finally, the Court must assess Defendant's expectation of privacy and balance it against Plaintiff's interest in obtaining the information. *Malibu Media, LLC v. Doe*, No. 3:18-CV-766 (VLB), 2018 WL 2386068, at *3 (D. Conn. May 25, 2018). "The Supreme Court has long held that 'a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties,' including phone numbers dialed in making a telephone call and captured by a pen register." *United States v. Ulbricht*, 858 F.3d 71, 96 (2d Cir. 2017) (quoting *Smith v. Maryland*, 442 U.S. 735 (1979)). "The recording of IP address information and similar routing data, which reveal the existence of connections between communications devices without disclosing the content of the communications, are precisely analogous to the capture of telephone numbers at issue in *Smith*." *Ulbricht*, 858 F.3d at 97. An internet user does not have an expectation of privacy in "subscriber information provided to an internet provider," including an IP address, *id.* (quotation marks and citation omitted), because an internet subscriber "voluntarily [conveys] this information to third parties." *United States v. Christie*, 624 F.3d 558, 573 (3rd Cir. 2010). Consequently, Defendant's expectation of privacy is minimal, and it will not be violated if Plaintiff acquires Defendant's name and address for the purposes of pursuing its copyright claim.

Furthermore, although Defendant does not appear to raise a First Amendment privacy objection here, the Court feels obligated to address any such concern in its analysis of the final *Arista* factor because this action involves the distribution of information. *See, e.g.*, *Malibu Media v. Doe*, No. 3:18-CV-766 (VLB), 2018 WL 2386068, at *5 (D. Conn. May 25, 2018). The Second Circuit has held that

a person's "expectation of privacy for sharing copyrighted [items] through an online file sharing network [is] simply insufficient to permit [a defendant] to avoid having to defend against a claim of copyright infringement." *Arista Records*, 604 F.3d at 124. Illegally transmitting copyrighted material on the internet violates the copyright holder's rights under the law, and the copyright holder is entitled to seek redress. Consequently, Plaintiff, having pled sufficient facts, has established that its interest in seeking redress outweighs any privacy interest that Defendant may have under the First Amendment.

All five of the *Arista Records* factors weigh against granting a motion to quash the subpoena at issue here — Plaintiff has concretely made a prima facie case of copyright infringement; Plaintiff seeks only Defendant's identity and address, which it has no alternative means of obtaining; Plaintiff needs this information in order to prosecute its action; and Defendant does not have a serious expectation of privacy because Defendant willingly shared his or her identity with the ISP. The Court will next assess whether there is some undue burden which outweighs these factors.

### B. The Rule 45 Undue Burden Objection

Defendant does not specify an undue burden argument under Rule 45(d)(3); however, the Court can reasonably infer one from Defendant's argument that his or her

> [f]amily members have no knowledge of the copyright infringement claims that are being brought against Defendant by Strike 3 Holding, LLC. During the course of Defendant's illness, it is unknown who all had access to Defendant's IP address information. Without Defendant being present, there's no way of finding out whom all had access to Defendant's IP address.

[Dkt. 13, at 1]. This argument fails.

The burden of complying with the subpoena will fall on the non-party, Comcast. Because Defendant does not assert a claim of privilege, Defendant lacks the standing necessary to challenge the subpoena issued to a non-party on the grounds that it imposes an undue burden. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness"); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 LTS HBP, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929 (WWE), 2013 WL 6511934, at *2 (D. Conn. Dec. 12, 2013) ("The law is well settled that Progressive, as a party, lacks standing to challenge the nonparty subpoenas on the basis of burden").

Defendant's argument quoted above may be relevant as to the merits of Plaintiff's claims against Defendant. They do not, however, convince the Court that the subpoena for Defendant's identity and address must be quashed.

V. <u>Conclusion</u>

For the foregoing reasons, the Court DENIES Defendant's Motion to Quash. In doing so, the Court highlights the limitations on the use of the information

sought and the Court's direction that said information remain under seal until Defendant has had an opportunity to challenge disclosure. *See* [Dkt. 11, 1-2].

IT IS SO ORDERED.

_____
         Vanessa L. Bryant
         United States District Judge

Dated at Hartford, Connecticut.